UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ) Chapter 13
)
CAROLYN McCALL, ) No. 08 B 14067
)
Debtor. )

## FINAL PRETRIAL ORDER

This matter is set for a hearing on (1) the debtor's objection to the claim of IndyMac Bank, F.S.B., and (2) the objection of IndyMac Bank, F.S.B., to plan confirmation, at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois on February 6, 2009, at 9:30 a.m. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

1. **Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

2. **Discovery.** The parties have agreed to expedited discovery. Accordingly, all response periods under the Bankruptcy Rules relating to discovery are reduced to ten (10) days. *Discovery cut-off is January 29, 2009.*

3. **Pleadings and Dispositive Motions.** No party seeks to file any dispositive motions.

4. **Exhibits and Exhibit Lists.** Seven (7) days before the hearing date, all parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, all parties must exchange and file with the court a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

One (1) set of the exhibits and one (1) copy of the exhibit list must be submitted to chambers on the filing date.

Demonstrative exhibits that parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged seven (7) days before the hearing date.

If no written objection to an exhibit is filed with the court and tendered to the proponent within three (3) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. Demonstrative exhibits will be admitted into evidence as "demonstrative only."

5. **Witnesses and Witness Lists.** Seven (7) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

6. **Trial Briefs.** No formal trial briefs need be filed, but each party must file a short pretrial statement explaining the nature of the dispute, the party's position on the merits, and what the party contends the evidence will show. The pretrial statement should also briefly address burden of proof, keeping in mind *Raleigh v. Illinois Dep't of Revenue*, 515 U.S. 50 (2000). The pretrial statement must be filed no later than seven (7) days before the hearing date.

7. **Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a.    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    b.    Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred

from presenting any witnesses. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

Dated: January 13, 2009

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge